UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PHILLIP JARVIS, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:05-CV-226-TS |
| EDWIN BUSS, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Phillip Jarvis, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, which provides federal relief for prisoners in custody pursuant to a state court judgment where that custody violates the Constitution or the laws and treaties of the United States. The petitioner is serving a ten year sentence for a burglary conviction from Marion County. Mr. Jarvis asserts that the State of Indiana denied him a speedy trial.

The respondent filed a response to the court's order and submitted the relevant portions of the petitioner's state court proceedings. In his traverse, Mr. Jarvis argues that the state trial court denied his right to a speedy trial and that his trial counsel was ineffective because he did not sufficiently object to the delay of his trial. Mr. Jarvis, however, did not present the question of effectiveness of counsel to the state courts; indeed, he did not even present the issue in his habeas petition.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these

claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999). A habeas applicant who presents defaulted claims for federal collateral review may only obtain review on the merits of his claims if he establishes cause and prejudice to excuse his default or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Jarvis did not present the question of competence of counsel to the state courts and has not suggested cause and prejudice or a fundamental miscarriage of justice.

Mr. Jarvis did present the question of whether the trial court improperly denied him a speedy trial to the state courts, and the respondent concedes that he has exhausted his state court remedies on his Sixth Amendment claim. In his traverse, Mr. Jarvis presents three speedy trial arguments; he asserts that the trial court violated Indiana's speedy trial rule and that the trial court violated the Fourteenth Amendment's equal protection clause and the Sixth Amendment's speedy trial clause.

The Indiana Constitution and Indiana statutes guarantee Indiana residents a speedy trial. But violations of state law are not reviewable in petitions filed pursuant to § 2254. "(I)t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-78 (1991).

Mr. Jarvis asserts that the trial court's actions delaying his trial violated the Fourteenth Amendment's equal protection clause. Exhaustion requires that a habeas petitioner "fairly present" his federal constitutional claims to the state courts before submitting them to the federal courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). The issue of fair presentment is also a useful approach for analyzing procedural default. *Id.* at 1473. Fair presentation contemplates that "both the operative facts and the controlling legal principles must be submitted" to the state court, and failure to present both restricts the issues that a federal court may consider during collateral review. *Id.* at 1474. Review of Mr. Jarvis's state appellate brief establishes that he did not present an equal protection argument to the state courts. Accordingly, he may not present that issue in this

2

proceeding.

Mr. Jarvis asserts that the delay of his trial violated the Sixth Amendment's speedy trial clause. In reviewing a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, this court must presume the facts set forth by the state court are correct. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(3)(1).

The Indiana Court of Appeals set forth the underlying facts regarding Mr. Jarvis's pretrial proceedings. Indianapolis police officers arrested Mr. Jarvis on July 4, 2002. At his initial hearing on July 9, 2002, Mr. Jarvis orally requested a speedy trial under Indiana Criminal Rule 4(B)1. The trial court scheduled a jury trial for September 18, 2002. On September 11, 2002, the State asked for a continuance because one of the arresting officers was unavailable. Mr. Jarvis's counsel stated in response that he would leave it to the court's discretion. The trial judge determined that the State had shown good cause, and granted the request for a continuance. The parties then agreed to a trial date of October 16, 2002.

On September 20, 2002, Mr. Jarvis filed a motion for a hearing to determine if he was competent to stand trial. The court granted the motion and two psychiatrists determined that Mr. Jarvis was competent to stand trial. The State filed an emergency motion for a continuance and Mr. Jarvis waived his right to a jury trial. The trial court did not rule on the motion for a continuance, but rescheduled the case for a bench trial on November 7, 2002.

The State filed another request for continuance and, without objection, the court rescheduled the trial for December 5, 2002. Mr. Jarvis filed a *pro se* motion for discharge and for a continuance of the trial. The court denied the motion for discharge and reset the trial for January 9, 2003. Mr. Jarvis filed another request for a continuance and the court rescheduled the trial for February 27, 2003.

On February 27, 2003, Mr. Jarvis orally moved for dismissal under Criminal Rule 4(B), and

3

filed a *pro se* motion for discharge. The court denied the motions and proceeded to trial. On March 3, 2003, Mr. Jarvis filed another motion for dismissal pursuant to Criminal Rule 4(B), which the judge denied.

The Sixth Amendment provides that a criminal accused "shall enjoy the right to a speedy and public trial." In determining whether a state has denied a habeas petitioner of a speedy trial, the court must apply a balancing test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). The court identified four factors to be considered in determining whether a person has been denied a speedy trial: length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530.

In reviewing Mr. Jarvis's federal speedy trial claims, the Indiana court of appeals applied the *Barker* test and found that the eight month delay between his arrest and trial did not violate his right to a speedy trial. The Indiana Court of Appeals observed that Mr. Jarvis did not vigorously or consistently pursue a speedy trial, that, by counsel, he had acquiesced in the State's requests for continuance and moved for at least two continuances of the trial himself, and that he failed to show any prejudice.

The Indiana Court of Appeals correctly applied the holding of *Barker v. Wingo* in rejecting Mr. Jarvis's claim that the trial court violated his federal right to a speedy trial. Mr. Jarvis's petition and his traverse do not suggest that he suffered any actual prejudice. In *Barker v. Wingo*, the Supreme Court determined that even a five year delay did not violate the speedy trial clause because the "prejudice was minimal" and because he did not press for a speedy trial. *Barker v. Wingo*, 407 U.S. at 534.

For the foregoing reasons, the court the court DENIES this petition.

SO ORDERED on January 26, 2006.

                                          /s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT