# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| PHILLIP JARVIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:05-CV-226 TLS |
| EDWIN BUSS, | ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Phillip Jarvis filed a notice of appeal in this case. In order to appeal the dismissal of a petition for writ of habeas corpus, he also needs to obtain a Certificate of Appealability (CA) To obtain a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Barefoot*, 463 U.S. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir. 1965), *cert. denied*, 382 U.S. 945 (1965).

This court denied Mr. Jarvis's petition because, like the state courts, it found that the State of Indiana did not violate the provisions of the Sixth Amendment's speedy trial clause. Mr. Jarvis failed to establish that the state courts' adjudication was unreasonable, and failed to show that the circumstances of his case violated the guarantees of the Sixth Amendment's speedy trial clause.

None of the issues presented to the court make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). The Indiana Court of Appeals correctly applied the holding of *Barker v. Wingo*, 407 U.S. 514 (1972), in rejecting Mr. Jarvis's claim that the trial court violated his federal right to a speedy trial. Mr. Jarvis's petition and other submissions did not suggest that he suffered any actual prejudice from the delay. In *Barker v. Wingo*, the Supreme Court determined that even a five year delay did not violate the speedy trial clause because the "prejudice was minimal" and because he did not press for a speedy trial. *Barker v. Wingo*, 407 U.S. at 534.

For the foregoing reasons, the court DENIES the petitioner a Certificate of Appealability pursuant to Federal Rule of Civil Procedure 22(b) because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Federal Rule of Appellate Procedure 22(b), where the district judge denies a certificate of appealability, the applicant for the writ may then request issuance of the certificate by a circuit judge.

SO ORDERED on June 1, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT